IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Mohamed Rashed Daoud al-'Owhali

   Movant

v.

United States Of America

   Respondent

Case No: 20-cv-0832-LAK
Crim. No: 98-cr-1023-LAK

Movant's Reply

## Summary

1) The government makes four arguments. Three are wrong. One is debatable. The one isn't enough to carry the case, so the Section 2255 petition must be granted.

## Al-'Owhalis claim Is Not Procedurally Defaulted

2) The government apparently copied its "procedural default" argument from Evey v. United States, 2018 US Dist LEXIS 228154 (CD Ca 2018), where it was correctly rejected by the Central District of California. The essence of the government's argument is that the argument accepted by the Supreme Court in United States v. Davis, 139 S.Ct. 2319(2019), the basis of al-'Owhali's claims here was "reasonably available" to appellate counsel in 2001 per United States v. Thorn, 659 F.3d 227 (2d Cir. 2011) and thus, this is really an out-of-time ineffective assistance of counsel claim. The Government's Memorandum Of Law In Opposition To Defendant's Motion Under 28 USC Section 2255 ("response") p. 10- 12, et al. This is wrong, so, the argument fails.

3) The government argues that the Davis argument was "reasonably available" because "the Supreme Court had never, in a holding or dicta, either expressly or implied, rejected a vagueness challenge to Section 924(c)'s risk-of-force clause," response p. 11. But, this isn't the standard. The question is whether or not the challenge was precluded under Circuit case law. Thorn. And, it was, as the government admits, response p.8, in its citation to United States v. Barrett, 937 F.3d 126 (2d Cir. 2019), which it characterizes "as reversing Circuit precedent and holding that the residual clause is invalid under Davis."

4) Given that the United States knows their argument to be frivolous, there is a real question why Mr. al-'Owhali and his legal assistance were made to lookup the Second Circuit precedents that were a necessary element of the government's procedural default argument. The earliest challenge to the breadth of 18 USC Section 924(c)'s residual clause in this Circuit was United States v. Masolto, 73 F.3d 1233 (2d Cir. 1995). There, the later verbiage of the categorical approach and Johnson and progeny had not yet developed, but, the question was the same as in Davis, whether conspiracy to commit Hobbs Act robbery under 18 USC Section 1951 was a crime of violence under 18 USC Section 924(c), on a theory of Pinkerton v. United States, 328 US 640 (1946) liability. Citing United States v. Romero, 897 F.2d 47 (2d Cir. 1990), and United States v. Bruno, 873 F.2d 555 (2d Cir. 1988) cert. denied 493 US 840 (1989), this Court found that it was. Implicit in that decision was a rejection of Davis. Thus, a Davis argument was precluded by binding case law before 2001, and, thus, the argument was not "reasonably available" to al-'Owhali's counsel.

5) al-'Owhali notes that none of the cases cited response p.10-11 are relevant to the question before the court, but, deal with challenges to other verbiage in 18 USC Section 924.

## 'Al-'Owhali Has Made An Actual Innocence Argument

6) The government also argues, response p. 11-12, that al-'Owhali is making a legal innocence and not an actual innocence argument. This is nonsense. Actual innocence, factual innocence, occurs when a defendant did not commit every element of an offense. Legal innocence occurs when the government cannot prove an element of an offense because its evidence is inadmissible. Thus, as in Doe v. Menefee, 391 F.3d 147 (2d Cir. 2003) citing Schlup v.Delo, 513 US 298 (1995), a Court considering "actual innocence" may consider evidence legally inadmissible at trial.

7) In a violation of 18 USC Section 924(c), an underlying "crime of violence" is a necessary element. The question of whether a crime is "of violence" is a legal one, but, is akin to a status element. If 18 USC Section 844(f) doesn't define a "crime of violence," the government cannot prove a necessary element, and, al-'Owhali is factually innocent of having committed a crime of the necessary legal status.

8) The government's "legal innocence" argument is frivolous and should be rejected.

18 USC Section 841(f) Does Not Require Damage To The "Property Of Another"

9) The government's citation in response p. 15 to 2 Modern Federal Jury Instructions - Criminal paragraph 30.01 (2019) is a shot in the foot, as the definition used shows that conduct even broader than the statute defines is regularly charged under 18 USC Section 844(f). 18 USC Section 844(f) penalizes damage by fire or explosive to property "owned or possessed by, or leased to" the United States et alia, but, the Federal Jury Instructions add property not even possessed, but, merely "used" (emphasis added) by the United States.

10) An example: The US Intelligence Community routinely uses a product called TOR to re-route its internet traffic randomly through other person's computers and servers. Every computer using TOR, and, there are millions, is being used without possession by the United States. Someone burning such a computer (or, say, a cloud server, as another example) could be charged under 18 USC Section 844(f), though they burned their own property.

11) The cases cited by the United States, many 18 USC Section 844(i) cases, do not support its argument. United States v. York, 600 F.3d 347 (5th Cir. 2010) cert denied 131 S.Ct. 185 (2010) involved a defendant who threw a Molotov cocktail at a local courthouse building, through the window of the Texas Agrilife Extension Service, a federally funded program. The Department of Agriculture and the Department of Homeland Security also had offices in the building, and, the court received federal funds. There is no discussion of "property of another"; the defendant did not own the courthouse. Going back to response p. 13 United States v. Davis, 2016 US Dist LEXIS 195534 (ED Va 2016) is a pro se prisoner case where pre-filing authorization was granted by the Fourth Circuit and no appeal was taken. The "property of another" argument raised here was not considered by the Court. United States v. Shaker, 665 F.Supp 698 (ND Ind 1987) is a case where Judge Moody of the Northern District of Indiana deliberately and incorrectly omitted the "of another" language in his definition of the offense. And, United States v. Marzullo, 780 F.Supp. 658 (WD Mo 1991) and United States v. Mitchell, 23 F.3d 1 (!st Cir 1994) both find the opposite of what the United States is arguing -- that 18 USC Section 844(f) is a crime of violence only under the now un-Constitutional residual clause.

12) Because 18 USC Section 844(f) defines "federal property" so broadly as to include one's own property, it does not require the use of physical force to the "property of another," and, is not a "crime of violence." This is enough to vacate the 18 USC Section 924(c) conviction in this matter, vacate all of the sentences, and, set a de novo re-sentencing.

18 USC Section 844(f) Does Not Require A Use Of Physical Force

13) The government spends most of its brief on its most debatable point, response p. 16-25. But, as this point, even if won, is not enough to carry the argument, the 18 USC Section 924(c) conviction must still be vacated.

14) The government argues, response p. 14 and 22, that 18 USC Section 844(i) cases are not good parallels to 18 USC Section 844(f), but, on response p. 16 notes that 18 USC Section 844(i) uses "identical language" in the relevant places, providing a parallel which it uses itself.

15) The government also cites extensively to Voisine v. United States, 136 S.Ct. 2272 (2016), without noting that its applicability outside of 18 USC Section 921 has been questioned, as discussed by Justice Alito in his dissent to Rehaif v. United States, 264 L.Ed.2d 594 (2019)(Alito, dissent).

16) The key illustrative case here as to how one can commit arson maliciously without specific intent or use of physical force is United States v. Monroe, 178 F.3d 304 (5th Cir 1999), which the government does not adequately discuss. In Monroe, the defendant unhooked the gas hose while stealing the stove. He had no intent to commit arson; he was a petty thief. But, his act was malicious, as it occurred in furtherance of another crime, and, he was convicted. This is very different from the examples of poisoning and what not given in the government's brief.

17) Because federal arson can and is routinely charged recklessly, without physical force, 18 USC Section 844(f) does not define a crime of violence, and, the 18 USC Section 924(c) conviction should be vacated and this matter set for de novo re-sentencing.

Conclusion
_____

18) Over the past few decades, Congress has written laws broadly defining crimes, and, the Department of Justice has used that authority broadly. The result is statutes like 18 USC Section 844(f), which sweep so broadly that they punish innocuous, non-violent, conduct as harshly as the bombing of a US embassy. This broad -- some would say abuse of -- authority has now come back to bite the Department of Justice, as they now have to see one of their prize prosecutions vacated. While this is perhaps a difficult call because it is unpopular, it is an easy call legally. Al-'Owhali is actually innocent of violating 18 USC Section 924(c), and, he needs to be returned to this court for re-sentencing to no more than life plus 10 years rather than life plus 30 years, after a new sentencing in which his clear conduct since arrest and the current environment of reduced sentences and de-incarceration can be considered.

Respectfully Submitted,

_____
Mohamed Rashed Daoud Al-'Owhali
#42371-054
USP Marion
PO Box 1000
Marion IL 62959

CERTIFICATE OF SERVICE
_____

I hereby certify that this Reply was mailed to the Clerk of the Court and the US Attorney's Office for the Southern District of New York, 1st Class Postage Prepaid, this _____th day of _6-21_____, 2020.

_____
Mohamed Rashed Daoud Al-'Owhali